The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before former Deputy Commissioner Neill Fuleihan and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
* * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in an a Pre-Trial Agreement Dated 17 August 1994 as:
STIPULATIONS
1. On 28 February 1992, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On said date, an employee-employer relationship existed between plaintiff and defendant-employer.
3. On said date, defendant-employer was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. On said date, plaintiff was earning an average weekly wage of $805.70.
* * * * * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and enters the following:
FINDINGS OF FACT
1. As of the date of plaintiff's work-related injury, 28 February 1992 plaintiff had worked for defendant-employer Aluminum Company of America ("ALCOA") for approximately seventeen (17) years.
2. On said date plaintiff was working in his position for defendant-employer when he was injured around 1:45 or 2:00 p.m. The incident occurred as plaintiff was driving a payloader (described as being similar to a caterpillar with a bucket on the front) when he ran over a portion of the plant floor which had buckled. As the result of the collision, plaintiff hit his head on the top of the payloader, caught his left knee on the steering wheel, twisted his back and experienced burning sensations in his neck and knee. This incident constituted an interruption of plaintiff's normal work routine.
3. Plaintiff sought medical treatment at 12:24 a.m. on 1 March 1992 when he went to the emergency room of Montgomery Memorial Hospital. The hospital report of that date indicates that plaintiff reported his problems began on Friday, the day of the incident at work.
4. On 1 March 1992 plaintiff informed Mr. Robert Smith, a co-worker and occasional supervisor of plaintiff's, about the incident at work involving the payloader and the buckled floor. On Monday, 2 March 1992 plaintiff informed his normal supervisor, Mr. Walter Ledbetter about the incident at work and his injuries which had occurred the Friday before on 28 February 1992.
5. The Full Commission finds that plaintiff's statements, oral or in written form and his testimony were entirely credible.
6. Plaintiff's first written report of the incident at work on 28 February 1992 was submitted to defendant-employer by way of an Industrial Commission Form 18 on 17 May 1993.
7. The Full Commission finds that defendant-employer had knowledge of the incident at work along with plaintiff's injuries and as early as 1 March or 2 March 1992, based on the following:
 a) Oral notification to Mr. Robert Smith on 1 March 1992 and oral notification to Mr. Walter Ledbetter on 2 March 1992;
 b) A letter of 2 March 1992 from Montgomery Memorial Hospital to Mr. Daniel Redwine, Industrial Relations Administrator at ALCOA, documenting that plaintiff was examined in the hospital's emergency room at 12:24 a.m. on 1 March 1992;
 c) Minutes from a 6 March 1992 meeting attended by Mr. Redwine, Mr. Ledbetter and plaintiff showing that Mr. Redwine received a phone call from Dr. Surendrapal Mac's office on 3 March 1992 from which he learned that plaintiff had gone there for treatment, complaining of neck and back problems caused by an injury at work.
8. The Full Commission finds that the delay in providing written notification to defendant-employer was reasonably excused in that plaintiff knew his supervisors had direct knowledge of the incident, his injuries and that he had sought medical treatment for them. Also, the Full Commission finds that the defendant-employer was not prejudiced by the delay in receiving written notification of plaintiff's 28 February 1992 work related injury.
9. On 28 February 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when the payloader he was driving collided with a portion of buckled floor in defendant-employer's plant.
10. The Full Commission finds that the condition Dr. John C. O'Brien diagnosed, lumbar disc protrusion, was caused by plaintiff's injury by accident of 28 February 1992.
11. Plaintiff was terminated by defendant-employer in March of 1992. The reason given by defendant for his termination was excessive unexcused absences. However, the Full Commission finds that any absences by plaintiff from 28 February 1992 through the date of termination were directly caused by his injury by accident and resulting injuries.
12. Since the date of his termination in March of 1992, plaintiff has not been offered a job of any kind by defendant-employer.
13. As the result of his injury by accident on 28 February 1992 plaintiff has been unable to earn wages in his former position with defendant-employer or in any other employment from 28 February 1992 and continuing.
14. On 28 February 1992 plaintiff's average weekly wage was $805.70 entitling him to the maximum compensation rate for 1992 of $426.00.
* * * * * * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As the result of his injury by accident on 28 February 1992, plaintiff is entitled to have defendant pay temporary total disability compensation at the rate of $426.00 per week from 28 February 1992 and continuing until such time as plaintiff returns to work or defendant receives further Orders from the Commission. This compensation is subject to the attorney's fee hereinafter approved. G.S. § 97-29.
2. Plaintiff's failure to provide written notification to defendant-employer of his injury at work within thirty (30) days is reasonably excused and defendant was not prejudiced thereby. G.S. § 97-22.
3. As the result of his injury by accident on 28 February 1996, plaintiff is entitled to have defendant pay for all reasonable medical expenses incurred or to be incurred. G.S. §97-25.
* * * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to plaintiff temporary total disability compensation at the rate of $426.00 per week from 28 February 1992 through the present and continuing until such time as plaintiff returns to work or defendant receives further Orders from the Commission. The amount of this award which has accrued shall be paid to plaintiff in a lump sum. The above compensation is subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all reasonable medical expenses incurred or to be incurred as the result of plaintiff's 28 February 1992 injury by accident and resulting injuries.
3. An attorney's fee of twenty-five (25%) percent of the compensation awarded above is approved for counsel for plaintiff and shall be paid as follows: for the accrued portion of the award it shall be deducted from that amount owed to plaintiff and paid directly to counsel for plaintiff with counsel for plaintiff receiving every fourth check of compensation payable to plaintiff under the above award thereafter.
4. Defendant shall pay the cost due this Commission and shall also pay an expert witness fees in the amount of $185.00 to Dr. Whitman E. Smith, $215.00 to Dr. Mark Brenner, $95.00 to Dr. John C. O'Brien, $185.00 to Dr. Richard Clark and $185.00 to Dr. Malcolm Shupeck.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________________ COY M. VANCE COMMISSIONER
S/ ___________________________ DIANNE C. SELLERS COMMISSIONER